IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LORIE DEPERALTA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-1102-CV-SJ-ODS |
| DLORAH, INC. d/b/a NATIONAL AMERICAN UNIVERSITY, | ) |
| Defendant. | ) |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO STRIKE

      Plaintiff originally filed suit against Defendant in February 2008. The case remained in state court, where it was ultimately dismissed without prejudice in May 2011. Plaintiff refiled her suit in September 2011, at which time Defendant removed the case to federal court. Defendant now seeks to strike certain allegations and claims pursuant to Rule 12(f). The targeted allegations and claims did not appear in Plaintiff's petition in state court. For the following reasons, the motion (Doc. # 10) is denied.[1]

      Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant contends the paragraphs in question are "immaterial" because the claims are either not viable or are barred by the statute of limitations. This rationale does not invoke Rule 12(f): the allegations are obviously material to Plaintiff's claims, and Defendant is really contending that those claims are legally insufficient. The proper means for challenging the legal sufficiency of a claim is Rule 12(b)(6), so this is how the Court will analyze Defendant's motion.

---

[1] On November 23, 2011, Plaintiff filed (1) Suggestions in Opposition to the Motion to Strike and (2) and Amended Complaint. Arguably, the filing of the Amended Complaint renders the Motion to Strike moot. However, the paragraphs targeted by Defendant's motion also appear in the Amended Complaint, and under these circumstances the Court sees no reason to require Defendant to refile its motion.

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). This is significant because Defendant has supported its motion by relying on depositions and other discovery materials. Rather than convert the motion to a Motion for Summary Judgment, the Court declares it has not reviewed any of the materials submitted by Defendant and instead has limited its review to the Amended Complaint. Accordingly, Defendant's argument that Plaintiff's allegations must be dismissed because they contradict her prior testimony is rejected. Moreover, even if Plaintiff's testimony is exactly as described by Defendant, dismissal would not be appropriate. Plaintiff's testimony does not affect the legal sufficiency of the pleadings; it only affects her ability to prove her allegations. Rule 12 does not provide a method for evaluating a plaintiff's ability to prove her allegations. Rule 56 does, but (1) Defendant has not invoked Rule 56 and (2) it is probably too early to invoke Rule 56.

Defendant also argues the statute of limitations has run on certain claims. "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008). The Amended Complaint does not establish that any of Plaintiff's claims are time-barred. Indeed, Defendant's argument establishes that

2

factual issues need to be resolved to evaluate this defense when it contends "with due diligence, [Plaintiff] could have reasonably discovered the alleged omissions by or before June 2, 2005" and that Plaintiff "was not prevented from, had the means to, and should have conducted her own reasonable investigation . . . and could have discovered the omitted information . . . ." The Court expresses no opinion as to whether any of Plaintiff's claims are time-barred; all that can be said is that the Amended Complaint does not definitively establish that they are.

Finally, Defendant contends Plaintiff's claims of fraudulent omissions are not plead with sufficient particularity. The Court disagrees. Fed. R. Civ. P 9(b) requires that "the circumstances constituting fraud. . . shall be stated with particularity." The Eighth Circuit has held that the requirements of Rule 9(b) must be interpreted

> in harmony with the principles of notice pleading . . . . The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct. Thus, a plaintiff must specifically allege the circumstances constituting fraud, . . . including such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.

Abels v. Farmers Commodities Corp, 259 F.3d 910, 920 (8th Cir. 2001) (quotations and citations omitted). Further, when pleading fraud, a plaintiff is precluded from simply making conclusory allegations. Commercial Prop. Invs., Inc. v. Quality Inns Int'l, 61 F.3d 639, 644 (8th Cir.1995); see also United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556-57 (8th Cir.), cert. denied, 549 U.S. 881 (2006). Rule 9 is satisfied with respect to a claim of fraudulent omissions if the omitted information is identified and "how or when" the concealment occurred. Cf. Great Plains Trust Co. v. Union Pacific R. Co., 492 F.3d 986, 996 (8th Cir. 2007). Plaintiff has satisfied Rule 9 with respect to her claims premised on omitted or concealed facts,

The Court recognizes Defendant's frustration. Discovery was completed in the initial suit, and Defendant had filed a Motion for Summary Judgment. Plaintiff did not respond, but instead exercised its right under Missouri law to dismiss the suit without

3

prejudice. Having come so close to what appeared to be the end of the suit, the parties are now starting over. This history may justify something less than the customary six month discovery period, but it cannot justify granting summary judgment at this juncture.

IT IS SO ORDERED.

DATE: December 15, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT