IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| ROSITA LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-1101-CV-SJ-ODS |
| | ) | |
| DLORAH, INC. d/b/a NATIONAL AMERICAN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| LORIE DEPERALTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-1102-CV-SJ-ODS |
| | ) | |
| DLORAH, INC. d/b/a NATIONAL AMERICAN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION GRANTING MOTIONS FOR SANCTIONS

Plaintiffs refiled these suits in state court in September 2011, and Defendant removed them in October 2011. The Court declined to formally consolidate the cases because they arose from different factual predicates, but in its January 31, 2012 Scheduling and Trial Order the Court directed that discovery be coordinated to promote efficiency and minimize hardship. Among other things, this led Plaintiffs to combine depositions of certain individuals so they would have to be deposed only once. Now pending are separate Motions for Sanctions, one from each Plaintiff, related to some of the depositions. The motions are granted.

I.  BACKGROUND

The Court will address the motions collectively in a single order because they involve the same depositions and raise the same arguments.  Defendant is a South Dakota corporation engaged in the business of providing higher education classes and degree programs for profit at various locations around the United States.  Plaintiffs assert various claims of fraud, based on misrepresentations and omissions.  In March 2012, Plaintiffs issued a Notice scheduling a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Among the topics specified in the Notice were the following:

> 6.      Any incentive programs at NAU that involve monetary remuneration for enrolling students or attracting prospective students to any of the Kansas City area NAU campuses.
>
> 7.      The methods by which NAU ensures it compliance with all rules and regulations pertaining to its receipt of Title IV funding, including without limitation, compliance with the Higher Education Act of 1965, as amended, and the identities of all persons (if any) responsible for such compliance.
>
> *     *     *
>
> 10.     The methods by which NAU ensures it compliance with all Missouri Rules and Regulations pertaining to proprietary schools, including without limitation, 6 CSR 10-5.010, and the identities of all persons (if any) responsible for such compliance.

Defendant objected to every subject specified in the Notice, and in some cases Defendant announced interpretations of the topics that it found more to its liking.  The actual objections are not part of the Record, but the Court has been able to discern Defendant's position by reviewing (1) a letter from Casey Nolan (one of Defendant's attorneys) to Plaintiffs' attorneys dated June 1, 2012, and (2) Defendant's attorneys' statements during a telephone conference with Judge Hays[1] on June 8, 2012.  With respect to Item 6, Defendant isolated the phrase "incentive program" and decided it

---

[1] The Honorable Sarah W. Hays, United States Magistrate Judge.

2

meant the types of programs prohibited in 34 C.F.R. Part 668, particularly the programs prohibited by 34 C.F.R. § 668.14(b)(22). Defendant further decided the phrase "incentive program" did not include the types of incentive programs permitted by the regulation or that fell within various safe harbors. Defendant then produced a witness – Paul Sedlacek – who testified simply that Defendant did not offer incentive programs that violated federal regulations.[2] When asked about other incentive programs, or compensation generally, objections were interposed contending the questions were beyond the scope of the 30(b)(6) Notice because such programs and compensation were not illegal and, as construed by Defendant, the Notice only called for a witness to discuss illegal compensation. Sedlacek was permitted to testify as to his personal knowledge about Defendant's actual compensation plans (with the caveat that his testimony was not made as a corporate designee) but he demonstrated a lack of familiarity with such topics.

Defendant perceived Topic 7 to be overly broad and potentially limitless, so it read the topic as seeking information related to various allegations in the First Amended Complaints about failure to disclose information. Once again, Sedlacek was Defendant's witness for this topic. Sedlacek essentially testified that all required information was revealed to students through various documents provided during the admissions process. However, Sedlacek did not have a copy of any of the materials, so he could not discuss what parts of the materials purportedly satisfied Defendant's disclosure obligations. In fact, Sedlacek testified that he did not even know what disclosure obligations existed.

Topic 10 was also perceived to be broad. However, the Missouri regulation specified in that topic relates solely to certification requirements for proprietary schools. When asked questions about the manner in which Defendant complies with that state regulation, Sedlacek could only state Defendant complies – without providing any particulars or, for that matter, providing any indication he knew what the regulation required.

In May, Plaintiffs attempted to schedule additional Rule 30(b)(6) depositions. The three topics discussed above were included, although they were worded in slightly

---

[2]The Court has reviewed Sedlacek's deposition.

3

different ways.  Defendant objected (this time filing the Objections), contending in part that Plaintiffs had exhausted their seven hours of deposition time for the corporate designee.  At the undersigned's request Judge Hays conducted a telephone conference; both sides endeavor to suggest Judge Hays sided with them on various matters, but they overstate the extent of her rulings.  Judge Hays directed that the depositions take place and narrowed the questions so they were more specific, but she did not rule that any of Defendant's objections were valid (or invalid).  She also did not rule that Sedlacek was properly prepared (or was unprepared), nor did she rule that Defendant acted properly (or improperly) in unilaterally reinterpreting the topics from the original notice.  Instead, she declared that all such issues would have to be presented to the undersigned.

Plaintiffs sought sanctions, but the original request was denied without prejudice to being refiled after the additional depositions were completed.  Once those depositions were completed Plaintiffs renewed their requests for sanctions.

## II.  DISCUSSION

The Court has inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process.'"  Stevenson v. Union Pac. R. Co., 354 F.3d 739, 745 (8th Cir. 2004) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)).  The Court has little difficulty concluding Defendant's narrowing of Topic 6 and its production (or preparation) of Sedlacek as the corporate designee abused the judicial process.

Topic 6 asked Defendant to produce a designee who could discuss incentive programs.  It did not ask Defendant to produce a designee who could discuss illegal incentive programs.  Topic 6 contained no qualifiers, but Defendant inserted them.  After interpreting the question as only asking Defendant to identify illegal practices, Sedlacek was prepared to blithely state Defendant had no illegal practices.  There was no cause for Defendant to limit the topic in this manner.  Even if the topic required narrowing (which it did not), Defendant's chosen interpretation was plainly absurd.  Clearly, Plaintiffs were not asking Defendant to identify its illegal practices – it simply wanted Plaintiff to identify its practices so that the legal status of those practices could be

addressed. Defendant (1) narrowed a question that required no narrowing (2) in a manner designed to deprive Plaintiffs of their ability to learn the information they obviously sought.

Defendant defends its conduct by contending that it objected to the question and announced its interpretation before the deposition. The Court is not impressed. Defendant is essentially asking the Court to excuse its misconduct because it provided advance notice to Plaintiff that it was unfairly and unnecessarily re-wording Topic 6. An advance warning does not provide a valid defense to impropriety. This sort of misconduct – undue narrowing, feigned misunderstanding, and multitudes of unnecessary objections – is the bane of litigation. It drives up costs, brings dishonor to the profession, and – worst of all – thwarts justice by obfuscating the search for the truth. It is gamesmanship. It is inappropriate. It is also sanctionable – even if Defendant announced in advance that it planned to engage in sanctionable conduct.

With respect to Topics 7 and 10, there is no need to decide whether Plaintiffs' phrasing was overly broad or otherwise objectionable because Sedlacek was not prepared to testify about the topics even as they were narrowed by Defendant. He was only prepared to state, under oath, that Defendant complied with the law, but was not prepared to offer any explanation as to exactly what it was Defendant did to comply with the disclosure obligations. Sedlacek did not even seem able to identify Defendant's disclosure obligations, making it difficult for Plaintiff to elicit any information beyond the general averment that Defendant complied with the law. The Court's impression of Sedlacek's testimony is reinforced by a review of the depositions taken in July: the degree of familiarity and understanding exhibited by Jason Warr was markedly greater than that exhibited by Sedlacek.[3]

The Court believes Defendant unreasonably and improperly narrowed the topics for the 30(b)(6) deposition and, with respect to Topics 7 and 10, failed to arrange for a

---

[3]The Court rejects Plaintiffs' argument that Warr's testimony should be faulted because Warr could not recite the contents of the various laws and regulations from memory. Warr explained that he had a general understanding of the law's requirements as well as knowledge about Defendant's practices and policies. The fact that he could not identify the specific contents of particular regulations does not mean Warr was unprepared.

corporate representative prepared to testify about those narrowed topics. This transformed much if not all of Sedlacek's deposition into a waste of time, and that cost should not be borne by Plaintiffs. Accordingly, as a sanction for its conduct, Defendant will pay all of Plaintiffs' costs and attorney fees associated with (1) Sedlacek's deposition, (2) the filing of these motions, and (3) the telephone conference with Judge Hays on June 8, 2012. The Court declines to award Plaintiffs the costs of "the additional 30(b)(6) depositions" because those are the depositions that should have occurred initially and Plaintiffs would have had to pay those costs. The Court also declines to award a per diem assessment or permit Plaintiffs to enter onto Defendant's premises to inspect Defendant's records, as these are inappropriate and unnecessary.

### III.  CONCLUSION

Plaintiffs' motions for sanctions are granted. Plaintiffs shall have until and including September 27, 2012, to provide the documentation necessary to allow the Court to assess the amount of the sanction as discussed in the body of this Order.

IT IS SO ORDERED.


DATE: September 12, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT